**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**CARPENTERS PENSION TRUST FUND-**
**DETROIT & VICINITY, MICHAEL J.**
**JACKSON, SR. and THOMAS WOODBECK,**
Trustees,

      Plaintiffs/Counter-Defendants,      Case No: 2:16-cv-13928-MFL-APP

v.      Hon. Matthew F. Leitman

**BRUNT ASSOCIATES, INC., a Michigan**      Magistrate Anthony P. Patti
**corporation, and BRIAN BRUNT,**
**an individual, jointly and severally,**

      Defendants/Counter-Plaintiffs.
_____/

| | |
|---|---|
| NOVARA TESIJA, P.L.L.C. | BUTZEL LONG, a professional corporation |
| John I. Tesija (P36709) | Diane M. Soubly (P32005) |
| David Malinowski (P72076) | Mark T. Nelson (P27305) |
| Paul Newcomer (P44501) | ATTORNEYS FOR DEFENDANTS/ |
| ATTORNEYS FOR PLAINTIFFS/ | COUNTER-PLAINTIFFS |
| COUNTER-DEFENDANTS | 301 E. Liberty St., Suite 500 |
| 2000 Town Center, Suite 2370 | Ann Arbor, MI 48104 |
| Southfield, MI 48075-1314 | T: (734) 995-3110 |
| T: (248) 354-0380 | F: (734) 995-1777 |
| F: (248) 354-0393 | soubly@butzel.com |
| tesija@novaratesija.com | nelson@butzel.com |
| dmalinowski@novaratesija.com | |
| pmn@novaratesija.com | |

_____/

**CONFIDENTIALITY AGREEMENT AND**
**STIPULATED PROTECTIVE ORDER**

The parties hereto, by and through their undersigned counsel, and each of their undersigned counsel, hereby stipulate and agree to abide by the terms of this Confidentiality Agreement and Stipulated Protective Order ("Protective Order"), and request that the Court enter the Protective Order as a Stipulated Order.

1

WHEREAS, Plaintiffs/Counter-Defendants ("Plaintiffs") have brought an action against the Defendants/Counter-Plaintiffs ("Defendants") in the U.S. District Court for the Eastern District of Michigan, captioned "Carpenters Pension Trust Fund – Detroit & Vicinity, Michael J. Jackson, Sr. and Thomas Woodbeck, Trustees, Plaintiffs v. Brunt Associates, Inc., a Michigan corporation, and Brian Brunt, an individual, jointly and severally, Defendants," Case No. 2:16-cv-13928-MFL-APP (the "Action");

WHEREAS, Defendants have filed counterclaims against Plaintiffs in the Action;

WHEREAS, subsequent to a hearing held on July 20, 2017, the Court referred the matter to Magistrate Patti for settlement discussions, which may require the parties to produce certain "Confidential Information" as defined herein;

WHEREAS, if the matter does not settle but proceeds to discovery, briefs and other documents filed with the Court in the above-captioned Action will require the parties to produce certain "Confidential Information" as defined herein;

WHEREAS, this Protective Order provides reasonable restrictions on the disclosure of confidential information and will promote a free exchange of documents and information, diminish involvement of the Court in discovery proceedings, and move the case along more rapidly and at a reduced cost;

NOW THEREFORE, pursuant to Fed. Rule Civ. P. 26(a) and 29, the parties agree and request that the Court order as follows:

# TERMS AND CONDITIONS OF PROTECTIVE ORDER

## I. Definitions

As used herein, the following words shall have the following meanings:

1.1. "Confidential Information" includes Facilitation Material and Discovery Material that a Party or Non-Party a) believes in good faith to contain confidential, personal, financial and medical information relating to a Party or a Non-Party and/or information subject to confidentiality or non-disclosure agreements; and (b) which a Party or Non-Party therefore designates as "Confidential" in accordance with the terms of this Protective Order.

1.2. "Designating Party" means the Party or Non-Party that has designated Discovery Material as "Confidential."

1.3. "Discovery Material" means the original or copy of any document, answer to interrogatory, answer to request for admission, answer to deposition on written questions, testimony or other information otherwise furnished by any Party or Non-Party in connection with discovery, motions, pleadings, or pretrial proceedings in the Action.

1.4. "Expert" or "Consultant "means testifying or consulting experts, and their assistants, who are retained to assist counsel in preparation for the Action.

1.5. "Facilitation Material" means the original or copy of any document or information otherwise furnished by any Party or Non-Party in connection with the conferences with the Magistrate to whom this Court referenced settlement discussions.

1.6. "Furnish" is used in its broadest sense and includes, *inter alia*, show, divulge, reveal, produce, describe or transmit, in whole or in part.

1.7. "Furnishing Party" means the Party or Non-Party producing or disclosing the Facilitation Material and/or Discovery Material or on whose behalf such Facilitation Material and/or Discovery Material has been produced or disclosed.

1.8. "Non-Furnishing Party" means the Party or Parties to whom Facilitation Material and Discovery Material has been produced or disclosed.

1.9. "Non-party" or "Non-parties" means any natural person, partnership, corporation, labor organization, employee benefit fund, association, or other legal entity who is not a Party to this Action.

1.10. "Party" or "Parties" means Plaintiffs and Defendants.

## II. Facilitation Material and Discovery Material

2.1. Facilitation Material or Discovery Material designated "Confidential" shall be used by the Parties for the sole purpose of: (a) preparing for and conducting pretrial, trial and appellate proceedings in this Action; (b) preparing for and participating in settlement discussions with the Magistrate as requested by the Court; or c) negotiating any type of settlement agreement between and among the Parties, and for purposes of that negotiation, documenting the merits of the Parties' claims, claimed damages, defenses and counterclaims. Facilitation Material or Discovery Material designated "Confidential" shall not be used for any purpose other than those set forth in this paragraph, including without limitation any business or commercial purpose.

2.2. Facilitation Material and Discovery Material will not be entitled to "Confidential'" designation if such material is in the public domain.

2.3. No material may be filed under seal without leave of court through stipulated order or other order.

2.4. Any Party wishing to include, disclose, or attach any "Confidential" Facilitation Material or Discovery Material as part of or with any pleading, motion, brief or other paper filed with the Clerk of this Court shall seek leave to have the material filed under seal in accordance with the Court's applicable rules and/or file under seal by stipulated order. Copies of the papers filed under seal shall be timely served on counsel for the parties.

2.5. Facilitation Material and Discovery Material shall be designated as "Confidential" by stamping, imprinting or otherwise labeling the Facilitation Material or Discovery Material "Confidential" or by letter identifying the document(s) to be considered "Confidential." In the case of multi-page documents, the designation shall be stamped on each page which is deemed to contain Confidential Information.

2.6. In the case of Facilitation Material or Discovery Material produced by a Non-Party, such Non-Party may designate portions as "Confidential" in writing within a reasonable time, not to exceed thirty (30) days, after receiving the Facilitation Material or Discovery Material. Prior to the lapse of this thirty-day (30) period, such Facilitation Material and Discovery Material shall be treated as Confidential Information, provided that such Non-Party becomes a signatory to this Agreement.

2.7. Discovery Material disclosed in the form of deposition testimony may be designated as "Confidential" either in the deposition transcript at the time of such testimony or in writing within a reasonable time, not to exceed thirty (30) days, after the

transcript of the testimony has been received. Prior to the lapse of this thirty-day (30) period, such transcript shall be treated as Confidential Information. On receipt of the deposition transcript, the Designating Party shall limit its designations to those portions of the transcript containing Confidential Information and shall provide written notice of such designated pages to all other Parties within thirty (30) days of receiving the deposition transcript. Upon being informed that certain portions of the deposition transcript are to be so designated, counsel for each Party shall cause the designated pages of each transcript in its custody to be marked as "Confidential."  Additionally, the cover page of any deposition transcript containing testimony designated as confidential shall be marked "This Transcript Contains Confidential Information - Subject to Protective Order."

2.8. Discovery Material disclosed in the form of answers to interrogatories, written responses to document requests, etc. may be designated as "Confidential" at the time the answers or responses are produced and shall either be produced and stamped "Confidential" separately or otherwise filed and maintained in such a way as to preserve the confidentiality thereof.

2.9. If a Party or Non-Party through inadvertence furnishes Facilitation Material or Discovery Material containing Confidential Information without designating it as such in accordance with the paragraphs above, the Party or Non-Party may give written notice within a reasonable time, not to exceed ninety (90) days after furnishing such Facilitation Material or Discovery Material, that the Facilitation Material or Discovery Material is "Confidential" and should be treated as Confidential information in accordance with this

Protective Order, in which case such Facilitation Material and Discovery Material shall be treated accordingly from the date such notice is received. The inadvertent disclosure of any Confidential Information shall not be deemed a waiver of confidentiality as to that Facilitation Material or Discovery Material or any other Facilitation Material or any other Discovery Material in which such information may also be contained.

    2.10. If any Party seeks to challenge another Party or Non-Party's designation of material as Confidential" the challenging Party shall notify the Designating Party and all Parties to this Action of the challenge to such designation. Such notice shall identify with specificity (*i.e.*, by Bates stamp numbers, deposition transcript page and line reference, or other means sufficient to locate easily such materials) the designation being challenged. The Designating Party may preserve its designation within five (5) business days of receiving notice of the confidentiality challenge by providing the challenging Party and all Parties to this Action with a written statement of the reasons for the designation. The Designating Party, preserving its rights, and the challenging Party shall meet and confer in good faith in an attempt to negotiate changes to any challenged designation.

    (a)    If the Parties are unable to resolve their differences, then the Designating Party must file a motion requesting the Court to enter an order designating the material as "Confidential" within ten (10) business days after the initial confidentiality challenge (or a longer time period agreed upon by the parties). Neither party shall be obligated to challenge the propriety of a "Confidential" designation, and failure to do so shall not constitute an admission that any material is in fact "Confidential." Any such material so challenged shall continue to be

treated as "Confidential" under the terms of this Order for a period ending upon the earlier of (a) such date as the Designating Party provides written notice to the challenging Party that such material need not be treated as "Confidential" or (b) such date as the Court issues a ruling on the Designating Party's motion requesting material be designated "Confidential";

(b) Regardless of confidential designation, copies of published magazine or newspaper articles, excerpts from published books, and any other publicly available information may be used by any Party without reference to the procedures of this subparagraph.

2.11. For purposes of this Action, except with the prior written consent of the Designating Party, or pursuant to Court order, Facilitation Material and Discovery Material labeled "Confidential" shall not be made a matter of public record and shall not be used for any purposes other than those set forth in paragraph II.2.1 above. Moreover, for purposes of this Action, Confidential Information labeled "Confidential" shall only be disclosed to the following persons:

(a) the Court and all persons assisting the Court in this Action, including court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof;

(b) the Magistrate and all persons assisting the Magistrate in attempting to resolve this Action, including necessary stenographic and clerical personnel thereof;

(c) the Parties and attorneys, including in-house counsel, working in connection with this Action, including their secretaries, paralegals, copying services, and/or any other administrative personnel with document-handling responsibilities who are assisting in this Action;

(d) witnesses, consultants, experts, accountants, actuaries, and other third parties retained to assist in this Action and the employees of the firms with which such consultants or experts are associated where such disclosure is needed in connection with the Action;

(e) any actual or potential fact witness, including former employees of the Parties, and the witness' counsel while preparing for or appearing at a deposition or other proceeding in this Action; and

(f) persons not identified in subparagraphs (a) - e above who provide deposition or trial testimony in this Action, provided that such persons shall not retain the Confidential Information, or any portions of the transcripts of their testimony that contain the Confidential Information;

(g) a Party's insurers or reinsurers and their relevant employees, which may provide coverage for any expenses or liabilities a Party might incur in this Action;

(h) a Party's auditors or regulators entitled to review Confidential Information or materials as a result of contractual rights or obligations, or federal, state or local law;

(i) local, state or federal taxing authorities state or federal securities, regulatory authorities, or any other federal, state or local governmental authority that requires disclosure by any party; and

(j) any other person on such terms and conditions as the parties may mutually agree in writing, or as the Court may hereafter direct by further order.

2.12. Persons identified in Paragraph 2.11 above shall, before being provided Confidential Information, be informed of the existence of this Order and shall agree to keep the information confidential in accordance with this Protective Order. Persons identified in Paragraph 2.11(d) through (h) and (j), shall provide their name, address and telephone number and sign the attached Exhibit "A" evidencing their agreement to the terms of this Protective Order prior to receiving the Confidential Information. The Party securing an executed Exhibit A from a person identified in Paragraph 2.11(d) through (h) and (j) shall provide an electronic copy of each such executed Exhibit A to counsel for the Designating Party within five (5) days of that Exhibit A's execution.

2.13. For purposes of this Action, witnesses and attorneys for the Parties may testify on, submit, attach as an exhibit, refer to, quote from, paraphrase, or otherwise utilize Confidential Information in any testimony, transcript, brief or other document submitted or filed with this Court or any appellate court, provided that any such information is filed under seal with the approval of this Court and is otherwise treated in accordance with the provisions of this Protective Order. In the event that any Confidential Information is used in any court proceeding herein, it shall not lose its privileged and/or confidential status through such use, provided that the Court shall have allowed such

Confidential Information to be filed under seal, and the Parties shall take all steps reasonably required to protect its confidentiality.

2.14. If, at any time, any information protected by this Protective Order is subpoenaed by any court, governmental, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed shall immediately give written notice to undersigned counsel for the Designating Party. After receipt of the notice specified under this paragraph the Designating Party shall have the sole responsibility for obtaining any order or other relief it believes appropriate. The Party to whom such subpoena or request is directed shall have no obligation to delay complying with such subpoena or request or to withhold any information from its production until and unless ordered to do so by a court of competent jurisdiction, but it shall not make its production until the return date on the subpoena or request or, if there is no return date, for a period of ten (10) calendar days.

2.15. A person and any Party and any counsel for a Party to whom Confidential Information is disclosed:

    (a)    shall protect its confidential nature both during the pendency of this Action and after its conclusion by a final judgment or settlement;

    (b)    shall never disclose any part of it to any person other than the persons to whom disclosure is permitted by this Order;

    (c)    shall never use any part of it for the benefit of himself or herself, the discovering party or anyone else, except for the purpose of this Action

(including, but not limited to, the administration of Carpenters Pension Trust Fund – Detroit & Vicinity Pension Plan in relation to Defendants) ; and

(d) shall maintain Confidential Information in a secure place where unauthorized disclosure cannot reasonably be expected to occur.

2.16. If a disclosing party through inadvertence produces or provides Facilitation Material or Discovery Material that it believes is subject to a claim of attorney-client privilege, work product immunity, or any other privilege, the disclosing party may give written notice to the receiving party that the Facilitation Material or Discovery Material is deemed privileged and that return of the Facilitation Material or Discovery Material is requested. Upon such written notice, the receiving party shall immediately gather the original and all copies of the Facilitation Material or Discovery Material of which the receiving party is aware and shall immediately return the original and all such copies to the disclosing party. Return of Discovery Material by the receiving party shall not preclude the receiving party from later moving the Court to compel production of the returned Discovery Material.

### III.   General Provisions

4.1   Within 30 days after the conclusion of the settlement conference ordered by the Court, any person to whom disclosure of Confidential Information has been made pursuant to the provisions of this Protective Order and for purposes of the settlement conference shall assemble and return such Confidential Information to counsel for the

Party that has secured such executed Exhibit A, to be retained by that counsel as confidential and subject to the provisions of this Protective Order.

4.2   Within 60 days after the final resolution of this Action, including any appeal or retrial, any other person (other than persons described in Paragraph 4.1) to whom disclosure of Confidential Information has been made pursuant to the provisions of this Protective Order shall assemble and return such Confidential Information to the counsel for the Party that has secured such executed Exhibit A.  Counsel to whom Confidential Information has been returned pursuant to Paragraph 4.1 and this paragraph shall retain all such Confidential Information and any other remaining Confidential Information in that counsel's possession as confidential, as under the care and custody and control of that counsel, and subject to the provisions of this Protective Order.  The requirements of this paragraph do not apply to any materials containing such Confidential Information that the Parties are required to maintain to evidence the settlement or resolution of this Action and/or the bases thereof. A Party may retain that remaining Confidential Information the Party believes it needs to retain and for as long as necessary to retain, including but not limited to the purpose of recovering any insurance or reinsurance that may be applicable to a Party's costs or liabilities in this Action.  Nothing contained in this Protective Order shall be construed to require the law firms representing the Parties to return or destroy pleadings filed and/or exchanged between the Parties in this Action, or other papers which consist of or contain attorney work product.

4.3   No failure or delay by a Party, Non-Party or their respective agents in exercising any right, power or privilege under this Protective Order shall operate as either

a waiver or an estoppel thereof nor shall single or partial exercise by the Party thereof preclude any other or further exercise by the Party of any right, power or privilege hereunder, all of which are reserved by the Party.

4.4. This Protective Order shall not be construed as a waiver of any Party's rights to:

(a) object to any discovery request on the basis of confidentiality, privilege or any other grounds;

(b) object to the introduction of any Confidential Information as evidence at any hearing, trial or any other proceeding in this Action; and/or

(c) seek other and further protections as to any Confidential Information.

4.5 Nothing in this Protective Order shall prevent a Party from disclosing or using in any way any of its own Confidential Information, *i.e*., that Confidential Information produced and designated Confidential by that Party.

4.6 This Protective Order can only be modified or waived in writing, signed by all Parties hereto, or upon motion and order of the Court in this Action. This Agreement shall remain in full force and effect until or unless it is modified or superseded by written agreement of all Parties or Court order and shall survive any final judgment or settlement of this Action.

4.7 This Protective Order and all controversies arising from or relating to performance under this Protective Order shall be governed by and construed in accordance with federal law, where applicable, and with the laws of the State of Michigan.

4.8     This Protective Order shall go into effect and the Parties and their Counsel shall abide by its terms as of the date it is executed by Counsel for each Party below.

4.9     The provisions of this Protective Order, insofar as they restrict the communication and use of Confidential Information shall, without written permission of the Furnishing Party or further order of the Court, continue to be binding after the conclusion of this Action.

ENTERED: August 7, 2017                    s/Anthony P. Patti
                                           United States Magistrate Judge


The Undersigned hereby enter into this Agreement on behalf of his or her client(s) listed below, and represent that such client(s) understand the terms thereof and agree to be bound thereby, agree to submit to the jurisdiction of this Court, and understand that the Court may impose sanctions for any violation of the Confidentiality Agreement.

August 2, 2017
Date

        DMS by consent 8.2.17
Signature:    /s/David Malinowski            Signature:    /s/ Diane M. Soubly

NOVARA TESIJA, P.L.L.C.                      BUTZEL LONG, a professional corporation
John I. Tesija (P36709)                      Diane M. Soubly (P32005)
David Malinowski (P72076)                    Mark T. Nelson (P27305)
Paul Newcomer (P44501)                       ATTORNEYS FOR DEFENDANTS/
ATTORNEYS FOR PLAINTIFFS/                    COUNTER-PLAINTIFFS
COUNTER-DEFENDANTS                           301 E. Liberty St., Suite 500
2000 Town Center, Suite 2370                 Ann Arbor, MI 48104
Southfield, MI 48075-1314                    T:  (734) 995-3110
T:  (248) 354-0380                           F:  (734) 995-1777
F:  (248) 354-0393                           soubly@butzel.com
tesija@novaratesija.com                      nelson@butzel.com
dmalinowski@novaratesija.com
pmn@novaratesija.com

# **EXHIBIT "A"**

The undersigned has read the Confidentiality Agreement and Stipulated Protective Order in this case, understands the terms, and agrees to maintain and handle all Discovery Materials pursuant to the terms of the Confidentiality Agreement and Stipulated Protective Order and be bound by the Confidentiality Agreement and Stipulated Protective Order in this regard.

_____
Signature

_____
Name (Print)

_____
Address

_____
City, State, Zip

_____
Telephone